(March 28, 1994)

■ A. BEECHER GREENMAN CONSTRUCTION CORP., Respondent, v LONG ISLAND RAIL ROAD, Appellant. [609 NYS2d 639] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), entered April 27, 1992, which denied its motion pursuant to CPLR 3211 (a) (7) and CPLR 3212 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was awarded a contract to install underground electrical conduits at sites along the right of way of the defendant Long Island Rail Road. Article 41 of the contract's General Conditions provided, inter alia, that the contractor "shall inform and satisfy himself as to all matters necessary for carrying out the Work; including but not limited to * * * condition of the premises, obstructions, drainage conditions, actual levels, excavating, filling". Article 42 of the contract, entitled "Differing Site Conditions" allowed the contractor,

under certain conditions, to recover additional costs incurred as a result of: "(1) latent physical conditions at the site differing materially from those indicated in the contract, or (2) unknown physical conditions at the site, of an unusual nature, differing materially from those ordinarily encountered and generally recognized as occurring in work of the character provided for in this contract". During the course of the work, the plaintiff advised the defendant that it had encountered differing site conditions as defined in article 42 and requested the defendant to issue "Proposed Change Orders", pursuant to articles 42 and 44 of the contract, so that the plaintiff could recover its additional costs. When agreement could not be reached, the plaintiff commenced the instant action to recover $193,750. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) or alternatively for summary judgment. The Supreme Court found that the complaint stated a cause of action and that a triable issue of fact existed precluding summary judgment. We now affirm.

The record supports a finding that triable issues of fact have been raised in connection with the plaintiff's claims, including its cause of action for the additional costs it incurred in completing the contract as a result of encountering "Differing Site Conditions" as defined in article 42 of the contract. The defendant's reliance on *Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.* (180 AD2d 222), is misplaced, since in that case the determination that the plaintiff had not encountered differing site conditions was made after a full trial and not on a motion for summary judgment. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.